IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br><br>FREDERICK MELVIN NOON, JR.,<br><br>Defendant. | CR-23-100-GF-BMM<br><br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS** |

United States Magistrate Judge John Johnston entered Findings and Recommendations in this matter on March 5, 2025. (Doc. 45.)

When a party makes no objections, the Court need not review *de novo* the proposed Findings and Recommendations. *Bad Old Man v. Arn*, 474 U.S. 140, 153-52 (1986). This Court will review Judge Johnston's Findings and Recommendations, however, for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

Judge Johnston conducted a revocation hearing on March 4, 2025. (Doc. 40.) The United States accused Frederick Noon (Noon) of violating the conditions

of his supervised release by: (1) failing to comply with substance abuse testing requirements on December 5, 2024; (2) using methamphetamine and suboxone, testing positive for these substances on December 21, 2024; (3) failing to comply with substance abuse testing requirements on December 27, 2024; (4) failing to comply with substance abuse treatment requirements on January 3, 2025; (5) failing to comply with substance abuse testing requirements on January 7, 2025; (6) failing to comply with substance abuse testing requirements on January 16, 2025; (7) using methamphetamine and suboxone on January 21, 2025; (8) failing to comply with substance abuse testing requirements on January 28, 2025; (9) failing to comply with substance abuse treatment requirements on January 29, 2025; and (10) failing to make any payments toward his restitution obligation. (Doc. 37.)

At the revocation hearing, Noon admitted he had violated the conditions of his supervised release by: (1) failing to comply with substance abuse testing requirements on December 5, 2024; (2) using methamphetamine and suboxone, testing positive for these substances on December 21, 2024; (3) failing to comply with substance abuse testing requirements on December 27, 2024; (4) failing to comply with substance abuse treatment requirements on January 3, 2025; (5) failing to comply with substance abuse testing requirements on January 7, 2025; (6) failing to comply with substance abuse testing requirements on January 16,

2025; (7) using methamphetamine and suboxone on January 21, 2025; (8) failing to comply with substance abuse testing requirements on January 28, 2025; and (9) failing to comply with substance abuse treatment requirements on January 29, 2025. The Government moved to dismiss allegation (10), which the Court granted. (Doc. 40.)

Judge Johnston found that the violations Noon admitted proves serious and warrants revocation of Noon's supervised release and recommends a term of custody of 2 months with 34 months of supervised release to follow with the first 60 days spent in a secure in-patient substance abuse treatment facility, such as Connections Corrections, followed by placement in a sober living residence as directed by his probation officer.  (Doc. 45.)  The Court advised Noon his right to appeal and to allocute before the undersigned. (Doc.40.)

The violation proves serious and warrants revocation of Noon's supervised release. The Court finds no clear error in Judge Johnston's Findings and Recommendations.

 Accordingly, **IT IS ORDERED** that Judge Johnston's Findings and Recommendations (Doc. 45) are **ADOPTED IN FULL.  IT IS FURTHER ORDERED** that Frederick Melvin Noon be sentenced to a term of custody of 2 months with 34 months of supervised release to follow with the first 60 days spent in a secure in-patient substance abuse treatment facility, such as Connections

Corrections, followed by placement in a sober living residence as directed by his probation officer.

DATED this 20th day of March 2025.

_____
Brian Morris, Chief District Judge
United States District Court