## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 23-100-GF-BMM-JTJ |
| Plaintiff, | |
| v. | AMENDED FINDINGS AND RECOMMENDATIONS |
| FREDERICK MELVIN NOON, JR., | |
| Defendant. | |

## I.      Synopsis

Defendant Frederick Melvin Noon Jr. (Noon) has been accused of violating the conditions of his supervised release in ten different respects. (Doc. 37). Noon admitted nine of the alleged violations. Noon's supervised release should be revoked.  Noon should be sentenced to custody for 2 months, with 30 months of supervised release to follow. During the first 60 days of supervised release, Noon shall be placed in a secure in-patient substance abuse treatment facility such as Connections Corrections, followed by placement in a sober living residence as directed by his probation officer.

## II.    Status

Noon pled guilty on January 16, 2024, to the offense of Assault Resulting in Serious Bodily Injury, in violation of 18 U.S.C. §§ 113(a)(6), 1153, as charged in Count 2 of the Indictment. (Doc. 25). Noon was sentenced to custody for 18 months, with 3 years of supervised release to follow (Doc. 32). Noon's current term of supervised release began on November 8, 2024.

### Petition

On February 3, 2025, the United States Probation Office filed a Petition requesting that the Court revoke Noon's supervised release. (Doc. 37). The Petition alleged Noon violated conditions of his supervised release by: (1) failing to comply with substance abuse testing requirements on December 5, 2024; (2) using methamphetamine and suboxone, testing positive for these substances on December 21, 2024; (3) failing to comply with substance abuse testing requirements on December 27, 2024; (4) failing to comply with substance abuse treatment requirements on January 3, 2025; (5) failing to comply with substance abuse testing requirements on January 7, 2025; (6) failing to comply with substance abuse testing requirements on January 16, 2025; (7) using methamphetamine and suboxone on January 21, 2025; (8) failing to comply with substance abuse testing requirements on January 28, 2025; (9) failing to comply with substance abuse treatment

requirements on January 29, 2025; and (10) failing to make any payments toward his restitution obligation.

**Initial Appearance**

Noon appeared before the Court on March 4, 2025. Noon was represented by counsel. Noon stated that he had read the Petition and that he understood the allegations against him. Noon waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

Noon appeared before the Court on March 4, 2025. Noon admitted that he had violated the conditions of supervised release as set forth in the Petition by: (1) failing to comply with substance abuse testing requirements on December 5, 2024; (2) using methamphetamine and suboxone, testing positive for these substances on December 21, 2024; (3) failing to comply with substance abuse testing requirements on December 27, 2024; (4) failing to comply with substance abuse treatment requirements on January 3, 2025; (5) failing to comply with substance abuse testing requirements on January 7, 2025; (6) failing to comply with substance abuse testing requirements on January 16, 2025; (7) using methamphetamine and suboxone on January 21, 2025; (8) failing to comply with substance abuse testing requirements on January 28, 2025; and (9) failing to comply with substance abuse treatment requirements on January 29, 2025. The Government moved to dismiss allegation

(10), which the Court granted. The Court determines that Noon's admitted violations are serious and warrant revocation of his supervised release.

**Sentencing hearing**

Noon appeared before the Court on March 4, 2025. Noon's violations are Grade C. His criminal history category is I. Noon's underlying offense is a Class C felony. Noon could be incarcerated for up to 24 months. Noon could be ordered to remain on supervised release for 36 months less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

## III.    Analysis

Noon's supervised release should be revoked. Noon should be sentenced to custody for 2 months, with 30 months of supervised release to follow. During the first 60 days of supervised release, Noon shall be placed in a secure in-patient substance abuse treatment facility such as Connections Corrections, followed by placement in a sober living residence as directed by his probation officer. This sentence is sufficient but not greater than necessary.

## IV.    Conclusion

The Court informed Noon that the above sentence would be recommended to the Chief United States District Judge Brian Morris. The Court also informed Noon of his right to object to these Findings and Recommendations within 14 days of this issuance. The Court explained to Noon that Judge Morris would consider a

timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

That FREDERICK MELVIN NOON JR. has violated the conditions of his supervised release by: (1) failing to comply with substance abuse testing requirements on December 5, 2024; (2) using methamphetamine and suboxone, testing positive for these substances on December 21, 2024; (3) failing to comply with substance abuse testing requirements on December 27, 2024; (4) failing to comply with substance abuse treatment requirements on January 3, 2025; (5) failing to comply with substance abuse testing requirements on January 7, 2025; (6) failing to comply with substance abuse testing requirements on January 16, 2025; (7) using methamphetamine and suboxone on January 21, 2025; (8) failing to comply with substance abuse testing requirements on January 28, 2025; and (9) failing to comply with substance abuse treatment requirements on January 29, 2025.

The Court **RECOMMENDS:**

That the District Court revoke Noon's supervised release and sentence Noon to custody for 2 months, with 30 months of supervised release to follow. During the first 60 days of supervised release, Noon shall be placed in a secure in-patient substance abuse treatment facility such as Connections Corrections, followed by placement in a sober living residence as directed by his probation officer.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file a written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing.  28 U.S.C.  § 636(b)(1).  A United States district court judge will make a de novo determination regarding any portion of the Findings and

Recommendations to which objection is made.  The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 21st day of March 2025.

John Johnston
United States Magistrate Judge