IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 23-100-GF-BMM-JTJ |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS |
| v. | |
| FREDERICK MELVIN NOON, JR., | |
| Defendant. | |

## I.      Synopsis

Defendant Frederick Melvin Noon Jr. (Noon) has been accused of violating the conditions of his supervised release. (Doc. 57). Noon admitted the alleged violations. Noon's supervised release should be revoked. Noon should be sentenced to custody for 2 months, with no term of supervised release to follow.

## II.      Status

Noon pled guilty on January 16, 2024, to the offense of Assault Resulting in Serious Bodily Injury, in violation of 18 U.S.C. §§ 113(a)(6), 1153, as charged in Count 2 of the Indictment. (Doc. 25). Noon was sentenced to 18 months of custody, followed by 3 years of supervised release. (Doc. 32). Noon's current term of supervised release began on April 29, 2025.

**Petition**

On March 17, 2026, the United States Probation Office filed a Petition requesting that the Court revoke Noon's supervised release. (Doc. 57). The Petition alleged Noon violated conditions of his supervised release by: (1) testing positive for methamphetamine on March 3, 2026, and admitting to its use; (2) failing to make restitution payments since December 11, 2025; and (3) admitting on March 3, 2026, to not taking his Suboxone as prescribed.

**Initial Appearance**

Noon appeared before the Court on March 31, 2026.  Noon was represented by counsel.  Noon stated that he had read the Petition and that he understood the allegations against him.  Noon waived his right to a preliminary hearing.  The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

Noon appeared before the Court on March 31, 2026.  Noon admitted that he had violated the conditions of supervised release as set forth in the Petition.  Noon's admitted violations are serious and warrant revocation of his supervised release.

**Sentencing hearing**

Noon appeared before the Court on March 31, 2026. Noon's violations are Grade C.  His criminal history category is I.  Noon's underlying offense is a Class C felony.  Noon could be incarcerated for up to 24 months.  Noon could be ordered to

remain on supervised release for 30 months less any custody time on all counts.  The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III.    Analysis

Pursuant to 18 U.S.C § 3583(e)(3), Noon' supervised release should be revoked. Noon should be sentenced to custody for 2 months, with no term of supervised release to follow. This sentence is sufficient but not greater than necessary.

### IV.    Conclusion

The Court informed Noon that the above sentence would be recommended to the Chief United States District Judge Brian Morris.  The Court also informed Noon of his right to object to these Findings and Recommendations within 14 days of this issuance.  The Court explained to Noon that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.  Noon waived his right to appeal and allocute before Judge Morris.

The Court **FINDS:**

That FREDERICK MELVIN NOON has violated the conditions of his supervised release by: (1) testing positive for methamphetamine on March 3, 2026, and admitting to its use; (2) failing to make restitution payments since December 11, 2025; and  (3) admitting on March 3, 2026, to not taking his suboxone as prescribed.

The Court **RECOMMENDS:**

That the District Court revoke Noon's supervised release and sentence Noon custody for 2 months, with no term of supervised release to follow.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 1st day of April 2026.

John Johnston
United States Magistrate Judge